THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY UNWIN, PLAINTIFF IN ERROR.

Argued June 19, 1907—Decided November 18, 1907.

1. The supplement of 1905 (*Pamph. L., p.* 484) to an act defining motor vehicles and providing for the registration of the same, and uniform rules regulating the use and speed thereof, does not infringe the provisions of either the state or of the federal constitution.
2. The ninety-first section of our Road act (*Gen. Stat., p.* 2823) requires that drivers of vehicles approaching one another from opposite directions shall each keep to the right when passing, and that when two vehicles are moving in the same direction, and the driver of the one in the rear desires to pass the one in front of him, he shall pass it on its left, the driver of the vehicle in front keeping over to the right while being passed.

On error to the Supreme Court, whose opinion is reported in 44 *Vroom* 529.

For the plaintiff in error, *Frank H. Hall* and *Charles T. Terry* (of the New York bar).

For the state, *Edward D. Duffield* and *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  This writ of error brings up a judgment of the Supreme Court affirming a conviction had

against the plaintiff in error in the First Criminal Court of Jersey City for violating the provisions of "A supplement to an act entitled 'An act defining motor vehicles, and providing for the registration of the same, and uniform rules regulating the use and speed thereof,'" passed May 26th, 1905. *Pamph. L., p.* 484.

The sole ground upon which the conviction was attacked, both in the Supreme Court and here, was that the act under which it was had contravenes certain provisions of the federal and state constitutions, and is therefore null and void. The specific grounds upon which plaintiff in error makes this contention are set forth in the opinion delivered in the cause by the Supreme Court, and the conclusion is therein expressed that these grounds are untenable, and that the statute is a valid exercise of the police power of the state. We concur in the conclusion reached by the Supreme Court, and in the reasons therefor expressed in its opinion, except that we do not consider it necessary to determine whether the "registration fee" of one dollar required of the owner of a motor vehicle by the first section of the act is in the nature of a license fee or simply a fee exacted from him as a reasonable charge for the issuing to him of the certificate required by the act and the registering thereof, as in either case the exaction is clearly not a tax upon property, but an exercise of the police power.

We observe in the opinion of the Supreme Court a statement of the "law of the road," which seems to us not to be entirely accurate. The provision of the ninety-first section of our Road act (*Gen. Stat., p.* 2823) requires that drivers of vehicles approaching one another from opposite directions shall each keep to the right when passing, and that when two vehicles are moving in the same direction, and the driver of the one in the rear desires to pass the one in front of him, he shall pass it on its left, the driver of the vehicle in front keeping over to the right while being passed.

The judgment of the Supreme Court is affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, SWAYZE, TRENCHARD, BOGERT, VREDENBURGH, GREEN, GRAY, DILL, J.J.   11.

*For reversal*—None.